## ALLEN BROWN ET AL. *versus* ZEBULON CRAM.

A deed of bargain and sale, and of mortgage in fee, vests the seizin of the estate in the mortgagee.

The mortgagee, unless expressly restrained by the provisions of the deed, may at any time lawfully enter on the mortgagor, put him out of possession, retain the possession, and take the profits until the condition is performed.

THIS was an action of replevin for certain cattle.

The defendant avowed the taking, damage feasant on his own freehold; and on the question of freehold, issue was joined.

Both parties claimed the *locus in quo* under Benjamin Butman.

The defendant, in support of his title, gave in evidence a quitclaim deed from Benjamin Butman, bearing date March 7th, 1817, and acknowledged and recorded the same day; and proved that on the 12th of March, 1817, he entered on the premises, made some repairs, and gave permission to

Nathaniel Butman, who resided in a house on the premises, to occupy the house as his tenant at will.

The plaintiffs then gave in evidence a mortgage deed of the premises, from Benjamin Butman to Kittredge, dated May 4th, 1813, acknowledged and recorded the same day, to secure the payment of a promissory note, and also a deed of assignment of this mortgage from Kittredge to Woodbury, dated April 2d, 1817. And also another deed of mortgage, from Benjamin Butman to Woodbury, dated March 3d, 1815, acknowledged and recorded the same day, to secure the payment of another promissory note.

The plaintiffs proved that on the 9th of April, 1815, Woodbury entered on the premises, declaring, in the presence of witnesses, that he entered under his mortgages, for the purpose of holding and taking the profits. They also gave in evidence a lease of the premises from Woodbury to them, for one year, dated April 9th, 1817, and proved that they immediately entered and kept possession of the premises till the 11th of June, 1817, when the defendant distrained their cattle on the premises. The note, the payment of which was secured by one of the mortgages, became due before, and the other after Woodbury's entry and lease to the plaintiffs.

On this evidence the jury gave a verdict for the plaintiffs, which the defendant now moves should be set aside and a new trial granted, on the ground that the evidence was insufficient in law to maintain the plaintiffs' action.

*Brown*, counsel for the plaintiffs.

*Atherton*, for the defendant.

BELL, J.*  The decision of this question depends upon the nature of the estate which passes to the mortgagee by a deed of mortgage in fee in common form.

If such deed of mortgage passes a present estate in fee, the plaintiffs' evidence is sufficient to maintain their action.

* WOODBURY, J., did not sit in this action.

The deeds of mortgage under which the plaintiffs claim purport to convey not a future and contingent, but a present and certain estate in fee: they contain every requisite for this purpose—a consideration—and words expressing a present transfer of the entire estate of the mortgagor.

The mortgage deeds were duly delivered, acknowledged and recorded, which, as it respects deeds of bargain and sale coming in place of the livery and seizin of the common law, have been always held to transfer not only the legal, but the actual seizin, if the person making the conveyance had at the time such seizin. It places the bargainee, to every intent and purpose as to the estate, in the situation of the bargainor, at the instant preceding the complete execution of the deed. The seizin, or possession, as well as the title, passes presently by the execution of the conveyance as between the mortgagor and mortgagee, and all persons claiming under them.

If the bargainor, after the execution of the mortgage deed, retain the possession, unless it be under an express stipulation to that effect in the deed, or by lease in writing, he is merely the tenant at the sufferance of the mortgagee, who may at his pleasure enter and thereby put an end to such tenancy. The mortgagor retains nothing more than a mere power to regain the fee with which he has parted, upon the performance of a condition, and this condition is strictly a condition precedent: he has no right to the possession until the condition is performed.

When the mortgagee enters before the expiration of the time within which the condition was to be performed, the law considers him as entering for the sole purpose of taking the profits, and such entry does not operate as a foreclosure of the mortgagor's right to redeem; but if the mortgagee enter after the expiration of the time within which the condition should have been performed, either upon a vacant possession or by consent of the mortgagor, such entry, and possession under it, operate a foreclosure.

Brown & al.
*vs.*
Cram.

So entirely does the law consider the mortgagee as owner, that it has been decided that the purchaser of an equity of redemption has no title in the land before redemption. *Co. Lit.* 205, *a ; Powell on Mort.* 221, 225.—*Bl. Com.* 158.— 2 *Mass. Rep.* 495, *Erskine* vs. *Townsend.*—6 *Mass. Rep.* 50, *Groton* vs. *Boxborough.*—5 *Mass. Rep.* 120, *Taylor* vs. *Wild & al.*—13 *Mass. Rep.* 229, *Bolton* vs. *Ballard.*—13 *Mass. Rep.* 515, *Green* vs. *Kemp.*

It was contended, on the part of the defendant, that the mortgagee under whom the plaintiffs claim, entered forcibly and unlawfully ; but it is unnecessary to determine as to that fact, for it is clear that if a person having a right to possession resort to force to obtain possession, the law considers such possession as rightful, although it will punish him in a criminal prosecution for the violation of the public peace by which he obtained it(1.)

(1) 7 T. R. 431, Taunton vs. Costar. 4 John. 150, Hyatt vs. Wood.

Such forcible entry gives the mortgagor the same right to retain the possession, for the purpose of taking the profits, which a peaceable entry or an entry under legal process would. A possession under such forcible entry would not take away the mortgagor's right to redeem, because the law denies that effect to any possession unless obtained peaceably, or under legal process by force of a judgment obtained in a suit upon the mortgage.

*Let judgment be rendered upon the verdict.*