| 2 | 453 |
| 67 | 587 |

—»→◉◉◊«—

### WILLIAM HARTSHORN *vs.* AMOS HUBBARD.

Where it appears by necessary implication from the terms of the condition of a mortgage, that the understanding of the parties must have been, that the mortgager should remain in possession of the land, the mortgagee cannot maintain a writ of entry to recover the land, until the condition be broken, or waste be done.

THIS was a writ of entry, and was tried here at October term, 1821, and a verdict taken for the tenant, subject to the opinion of the court upon the following case :

The tenant being seized of the demanded premises on the 8th February, 1814, conveyed the same to the demandant, to hold in fee and in mortgage.  The condition of the mortgage was, among other things, that the tenant, *Hubbard*, should " carry on and improve the said farm in a husband-" like manner, during the natural life of the said *William* " and his present wife ;" and, also, " deliver to the said " *William* and his wife one half of all the yearly produce of " said farm."  *Hubbard* has been in possession of the demanded premises ever since the said conveyance, and has done and performed every thing by him to be done and performed, up to this time, according to the said condition.

*By the court.*  It is clear, that a mortgagee may at any time enter into the land mortgaged, or maintain a writ of entry against the mortgager unless restrained by contract. 1 *N. H. Rep.* 169, *Brown vs. Cram.*—16 *Mass. Rep.* 39, *Coleman vs. Packard.*

It was intimated in the case of *Brown vs. Cram*, that to take from the mortgagee the right of possession, there must be an express stipulation in the deed, that the mortgager shall retain the possession. But that was not a point decided. And we are of opinion, that where it appears from the terms of the condition by necessary implication, that it must have been the understanding of the parties that the mortgager should retain possession, unless the condition be broken; the mortgagee can neither enter and expel, nor maintain a writ of entry against the mortgager, until the condition is broken, or some waste done.

In this case, the necessary implication is, that the tenant was to retain possession, for he was to deliver half the produce, and carry on the farm ; and we are of opinion, that he is entitled to

*Judgment.*