## JAMES KINGSBURY *vs.* NATHAN POND.

In trespass *quare clausum fregit,* a plea, which contains a good answer to the breaking and entering, will cover the whole declaration.

Where a debtor drove his sheep into the close of *A.* without *A*'s consent or knowledge, in order to prevent their being seized upon execution, and the officer, who had the execution, entered into *A*'s close, and took, and drove away, not only the sheep of the debtor, but some of the sheep of *A.* also it was held, that, admitting the officer had a right to enter and seize the debtor's sheep, he was bound to see, that he took not the sheep of *A.*, and that such taking was illegal, and made him a trespasser *ab initio.*

THIS was an action of trespass for breaking and entering the plaintiff's close, in Surry, and taking and driving away fifteen sheep of the plaintiff. The cause was submitted to the decision of the court upon the following facts :

Kingsbury
*vs.*
Pond.

At the time, when the supposed trespass was committed, the defendant was a deputy sheriff, and had in his hands an execution against one *W. Baxter*, with directions to levy the same on certain sheep of said *Baxter*. He proceeded to the pasture of *Baxter*, in Surry, where the sheep were supposed to be ; but *Baxter*, to prevent the seizure of the sheep, sent several persons to collect the sheep, and drive them from the pasture. When the defendant arrived at *Baxter's* pasture, he found that the sheep had been driven from that pasture into a pasture of the plaintiff, into which he entered and took the sheep, by virtue of the execution. The sheep were thus driven into the plaintiff's pasture without his permission, and without his knowledge ; and some of his sheep became intermixed with the sheep of *Baxter*. The defendant seized the whole flock, including the plaintiff's sheep and drove them to Keene ; but they were afterwards all returned to the pasture of *Baxter*, and notice thereof given to the plaintiff.

And the parties agreed, that if the court should be of opinion that the action was maintainable, judgment should be entered for the plaintiff for one dollar damages.

*Bingham*, for the plaintiff.

*J. Parker*, for the defendant, contended,

I. That the entry of the defendant into the close of the plaintiff, for the purpose of seizing the sheep of *Baxter*, which were there, was warranted by law, and not a trespass. *Selw. N. P.* 1229, 1246.—5 *Coke* 93, *Semayne's case.* —*Cro. Eliz.* 759, *Bishop vs. White.*—*Bac. Ab.* " *Sheriff*," *N.* 3.—*Com. Dig.* " *Execution*," C. 5.

II. The gist of the action is the entry, and the entry being justified, the action cannot be sustained. 1 *Chitt. Pl.* 175.— 2 *Salk.* 642.—1 *Str.* 61.—*Yelv.* 126, *Strickland vs. Thayer.*

III. The sheep of the plaintiff were so intermixed with those of *Baxter*, which the defendant was bound to take, that he could not sever them. He might therefore well take them, as he could not otherwise execute the process against *Baxter*.

*By the court.*—It is a well settled principle of law, that, in trespass *quare clausum fregit*, a justification of the entry will cover the whole declaration. *Taylor vs. Cole, 3 D. & E.* 292. But admitting, in this case, that the defendant had a right to enter into the plaintiff's close, for the purpose of seizing *Baxter's* sheep, on what ground can he justify the entry for the purpose of taking the plaintiff's sheep? It might deserve consideration, whether the defendant could not enter to take *Baxter's* sheep. *Hammond's N. P.* 166—169.—*Cro. Eliz.* 329, 759.—5 *Coke* 93.

But as the sheep of *Baxter* had become mixed with the sheep of the plaintiff without his fault, the officer was bound at his peril to see that he took no sheep belonging to the plaintiff; and as he did take the plaintiff's sheep, it was an abuse of his process, which made him a trespasser *ab initio*, and his entry unlawful.

Had the defendant requested the plaintiff to point out the sheep, which belonged to him, and he had refused, this might perhaps have made the plaintiff a party to the attempt to prevent the seizure of *Baxter's* sheep, and might have materially altered the nature of the case. But it does not appear, that the plaintiff was requested to point out the sheep he claimed. We are therefore of opinion, that there must be                    *Judgment for the plaintiff.*