### IN THE

## SUPERIOR COURT OF JUDICATURE.

#### FOR

## THE COUNTY OF MERRIMACK, SEPTEMBER TERM,

### A. D. 1829.

---

## BENJAMIN PETTENGILL *versus* T. C. EVANS, and another.

When a mortgagor continues in possession of the mortgaged premises, he may be considered, if there be no contract on the subject, either as a trespasser, or as a tenant at will at the election of the mortgagee.

If a tenant at will do any act, which amounts to waste, this will be a determination of the tenancy, and he, and those who assist him, may be treated as trespassers.

And even if a mortgagor who continues in possession can be considered as a disseizor, he will be liable in trespass after the mortgagee obtains possession, for any injury done by him, while in possession, to the freehold.

A mortgagor has no right to remove a building by him erected on the land.

TRESPASS, *quare clausum fregit,* and entering the plaintiff's gristmill and taking therefrom one outer door and lock, and divers other things, appurtenant thereto on the 6th May, 1827.

The defendants pleaded in bar that, on the 1st day of March, 1822, the plaintiff, by deed, conveyed the said close with its appurtenances to one Moses Calef, to hold to him and his heirs forever ; that said Calef was possessed of said close from that time, until after the time, when the acts of which the plaintiff complains, were done ; that said Calef, at his own expense erected on said close a gristmill and fitted it for grinding corn, and

that he purchased at his own charge and expense all the articles named in the plaintiff's declaration as taken and carried away ; that, on the said 6th day of May, the said Calef being possessed of said close and mill, the defendants, by the command of the said Calef, and as his servants, entered the said close and grist mill, and took and carried away the said articles.

To this plea, the plaintiff replied, that on the said 1st day of March, the said Calef, by deed, re-conveyed to the plaintiff, the said close with its appurtenances, in fee and in mortgage, and that on the 15th December, 1827, and before the commencement of this suit, the plaintiff entered the said close, the same being vacant, for the purpose of holding and taking the profits thereof.

To this replication there was a general demurrer and joinder in demurrer.

*Wells*, for the plaintiff.

The first question is, whether the defendants had a right to do the acts, admitted to have been done by them ?  This question may be resolved into another—whether Moses Calef, the mortgagor, who was in possession of the premises, had a right to do those acts ? For the defendants were with the said Moses, and did the acts by his direction.   The second question is, if the defendants had not this right, is trespass *quare clausum fregit* the proper remedy ?  I shall assume as unquestionable, that Calef had the same right to do the acts of which the plaintiff complains as he had to remove the mill itself, and no more.  For most of the articles removed by the defendants, were as properly fixtures as any other part of the mill.  If this position be correct, the first part of the case depends upon the right of Calef to remove the mill itself.   Had he then this right ?  It is conceded, that the rigor of the ancient common law has been mitigated, in relation to the rights of tenants, in some respects.  But this has been only in relation to buildings, &c. erected upon the land for the purposes of

trade. In other respects, the rule is as at common law, that all things annexed by tenants to the houses of their landlords, such as windows, &c. and all buildings erected by them for the purpose of enjoying the use of the land itself, are not removeable at the expiration of the term, but become annexed to the freehold and part of the inheritance. Co. Litt. 53, *a* ; 3 East, 38, *Elwes* v. *Maw* ; 1 H. Bl. 259, *Lawton* v. *Salmon.*

In the case now before the court, if the mortgagor can be considered as a tenant to the plaintiff, his estate was even less than that of a tenant at will, and it is with this view of the relation between the plaintiff and Calef, that we think the foregoing cases will be thought applicable. The mill was a permanent erection, annexed to the freehold and necessary, it must be presumed, to the due enjoyment of the land, and as Calef, by exercising his right to redeem, might have had the benefit of all the buildings he erected upon the land, there is no ground either of law or equity, on which it can be held, that he had a right to remove the mill. The case comes within the strict rule and not within any exception. If these views of the case be just, neither the mortgagor nor these defendants had a right to remove the mill, nor do the acts of which the plaintiff complains.

The next question is, whether trespass *quare clausum fregit* is the proper remedy ? Calef had no interest in the land except the right of redeeming it. He was in possession, but he was there only *quasi* a tenant at will. Dowlas, 22.

And for voluntary waste such as this was, trespass may be maintained against a tenant at will by his landlord, because the act determines the will. 7 Johns. 1, *Philips* v. *Covert.* And if maintainable against the tenant at will, then it is maintainable against these defendants. 11 Mass. Rep. 519, *Starr* v. *Jackson.*

*By the court.* The question is whether the replication in this case is a good answer to the plea ? The sub-

stance of the plea is, that the plaintiff, by deed, on the 1st March, 1822, conveyed the *locus in quo* to one Calef, by whose command the defendants entered and did the acts, of which the plaintiff complains. To this it is replied that Calef, on the same 1st day of March, re-conveyed the same premises to the plaintiff, in fee and in mortgage ; and that after the acts, of which the plaintiff complains, and before the commencement of this suit, the plaintiff entered and took possession of the premises.

As Calef remained in possession after the mortgage was made, he must have been there either as tenant at will, or as a trespasser. We are inclined to think that the plaintiff had a right to view his possession in either point of light, and to treat him accordingly.

Considered as a tenant at will, the acts done by the command of Calef were of such a nature as to amount in law to a determination of such a tenancy, and to make him and his servants trespassers. 1 Chitty's Pl. 179 ; 3 Johns. 468, *Tobey* v. *Webster.*

And even if the possession of Calef is to be considered as a trespass and amounted to an actual disseizin of the plaintiff, yet after the entry of the plaintiff, the law, by a kind of *jus post liminii*, supposes the freehold all along to have continued in him, and he may now maintain trespass. 1 Chitty's Pl. 177.

The law seems to us to be clear, that the mill, by being erected upon the mortgaged premises and annexed to the freehold, became the property of the plaintiff, and the mortgagor had no right to remove it, nor any of its appurtenances. The old rule with respect to the removal of things annexed to the freehold by tenants, has in modern times been much relaxed in certain cases. Woodfall's Landlord and Tenant, 217—232 ; 2 B. & B. 54, *Buckland* v. *Butterfield* ; 2 East, 88, *Penton* v. *Robert* ; 3 ditto, 38, *Elwes* v. *Maw.*

But there seems to be no reason, why the strict rule of former times should not be now applied as between a

8

<div style="float:left">Pettengill<br>*v.*<br>Evans, et a.</div>

mortgagor and a mortgagee. For the mortgagor has only to redeem in order to have the benefit of all buildings by him erected upon the land. And if the land be not worth redeeming, the mortgagor ought not to be permitted to lessen its value by removing any buildings he may have erected.

We are therefore of opinion that there must be

*Judgment for the plaintiff.*