#### IN THE

## SUPERIOR COURT OF JUDICATURE

#### FOR THE

## COUNTY OF MERRIMACK, FEBRUARY TERM,

### A. D. 1832.

---

## ANN HARRIS *versus* D. GILLINGHAM, J. GIL-LINGHAM and J. PHILBRICK.

A, with the permission of B, erected a house on B's land, and then conveyed the house to C, but continued to reside in it. B conveyed the land, on which the house stood, to D, who requested A to leave the house, and, upon A's refusal, entered and tore down the chimnies, and put it in such a situation that A could not reside in it—it was held that A could maintain no action for breaking and entering the house.

THIS was an action of trespass for breaking and entering the plaintiff's house in Bradford, on the 29th April, 1828, and pulling down the chimney, and tearing off the boards from the roof and sides of the house, whereby the plaintiff was exposed to the weather and much intimidated.

The cause was tried here, upon the general issue, at February term, 1831, when it appeared in evidence, that sometime previous to the 26th June, 1826, the plaintiff, with the assistance of her friends, and with the permission of the owner of the land, erected the house mentioned in the declaration, and resided in it, until the defendants, by the acts of which she complained in this action, compelled her to leave it.

It, however, appeared, by an office copy of a deed, produced by the defendants, that on the 26th June, 1826, she conveyed the house to her brother, Lewis Bayley.

The said house was erected upon land belonging to J. H. Ames, who, on the 14th May, 1827, conveyed the same land to D. Gillingham. After Gillingham became the owner of the land, he repeatedly requested the plaintiff to leave the house ; and on the day when the acts, of which she complains, were done, he offered to assist her in removing her furniture, but she constantly refused to quit the house.

He, therefore, with the other defendants as assistants, entered the house and did the acts mentioned in the declaration, in consequence of which, the plaintiff was compelled to quit the house.

The court instructed the jury, that whether D. Gillingham was the owner of the house, or not, the proceedings of the defendants were altogether unjustifiable, and that they were answerable for the damages the plaintiff had sustained.

The jury having returned a verdict in favor of the plaintiff, the defendants moved for a new trial, on the ground, that the jury had been misdirected.

*I. Bartlett* and *Rogers*, for the plaintiff.

*Tappan*, for the defendants.

*By the court.* In order to determine, whether the instructions, given to the jury in this case, were correct, it is necessary to determine, what were the rights of the plaintiff in the house mentioned in the declaration, at the time the defendants entered.

It may be conceded, that when she had erected the house, it was her property, although erected upon the land of another person. And a license to erect the house upon the land, may, well enough, be construed to be a license to occupy it, at least during the pleasure of the owner of the land, and perhaps to remove it from the land, when she chose so to do. 2 East, 88, *Penton* v. *Robert* ; 4 Mass. Rep. 514, *Wills* v. *Bannister.*

These are all the rights she appears ever to have had with respect to the house.

When the plaintiff conveyed the house to her brother, she ceased to have any right in it, unless she had the right to occupy it, by the permission of her brother, and of the owner of the land.

But when Ames conveyed the land to the defendant, D. Gillingham, the license to occupy the house, upon the land, which the plaintiff may have derived, by implication, from the license to erect it, expired. 11 Mass. Rep. 533, *Cook* v. *Stearns.*

At all events, when D. Gillingham requested her to leave the house, she ceased to have any right to remain upon the land. The only right, which the owner of the house could have claimed, must have been the right to remove it ; not to occupy it upon the land.

D. Gillingham had a right, then, to enter and turn the plaintiff out of the house:

This action is trespass *quare domum fregit,* and cannot be maintained without showing an unlawful entry into the house. 3 D. & E. 292, *Taylor* v. *Cole* ; 4 Pick. 239, *Ropps.* v. *Baker* ; 3 N. H. Rep. 511, *Kingsbury* v. *Pond.*

The entry of these defendants was, without question, at first, lawful. And we are of opinion that, admitting the defendants had no right to do to the house what they in fact did, the injury to the house could not make them trespassers, *ab initio,* with respect to this plaintiff, because she was not the owner of the house. And we are also of opinion that the disturbance done to her posses-

Batchelder
v.
Robinson,
et a.
sion, by putting the house in a situation which compelled her to leave it, did not make them trespassers, *ab initio*, because she had no right to be there against the will of D. Gillingham, the owner of the land. 7 Cowen, 229, *Erwin* v. *Olmsted*; 1 Johns. Cases, 123, *Wilde* v. *Contillon*; 4 Johns. 150, *Hyatt* v. *Wood*; 13 Johns. 235, *Ives* v. *Ives*.

We are, therefore, of opinion, that the jury were misdirected, and that the verdict must be set aside, and

*A new trial granted.*