### Amos E. Putney and others *versus* Isaac Day and others.

A sale of trees growing upon land, and to be taken by the purchaser within a certain time, is within the statute of frauds, and must be in writing.

A parol license, granted by the owner of land to another to take trees from the land as long as he to whom the license is granted, pleases, expires with the life of him who grants it.

THIS was an action of trespass, for breaking and entering the close of the plaintiffs, in Warner, and cutting and carrying away forty pine trees.

The cause was tried at February term, of the common pleas, 1833, and a verdict taken for the plaintiffs, subject to the opinion of this court, upon the following case.

On the 17th of May, 1815, Amos Putney and Henry Lyman, being the owners of the *locus in quo*, the said Lyman, leased to the said Putney, his half of the lot for the term of fourteen years.

On the 21st November, 1825, Amos Putney, by a written contract, in consideration of $112,50, sold all the pine timber on a certain part of the said lot to the Days, who, by the contract, were to have three years and four months to cut and haul the timber.

H. Lyman died on the 3d September, 1829, and his interest in the *locus in quo* descended to his daughter, who, on the 14th December, 1829, conveyed the same to one of the plaintiffs.

Amos Putney died in March, 1830, and the plaintiffs are his heirs.

On 1st March, 1832, the defendants entered and cut the trees mentioned in the declaration.

The defendants offered to prove, that in December, 1828, Amos Putney gave them, verbally, as long a time as they might choose to have to cut and carry away the

timber, but this evidence was rejected by the judge who tried the cause.

*S. Smith*, for the plaintiffs.

*Tappan*, for the defendants.

RICHARDSON, C. J. delivered the opinion of the court.

The question is, whether a verbal license, given by Amos Putney to the defendants, in December, 1828, could avail them as a defence under the circumstances of this case. If it could, the verdict must be set aside and the evidence admitted. If it could not, the verdict is right, and the plaintiffs entitled to judgment.

The contract to sell the trees, in this case, was within the statute of frauds, and it was essential that it should be in writing. 1 Laws, 535 ; 2 Starkie's Ev. 598 ; 6 East, 602 ; 2 B. & P. 452 ; 2 Taunton, 38 ; 7 Johns. 205.

Under certain circumstances, a sale of a growing crop, or of timber, is not within the statute. 9 B. & C. 561 ; 5 ditto, 829, 11 East, 362 ; 2 M. & S. 204. But in this case the contract was clearly within the statute.

In *Peace v. Gibson*, 6 Greenleaf, 81, a sale of all the timber trees standing on a lot of land, the purchaser to have two years to take the timber, was held to be a sale only of the timber taken within the two years. And this decision seems to us to be reasonable. For otherwise, the purchaser might keep the timber encumbering the land as long as he pleased.

The license then given by Amos Putney, in December, 1828, was without any consideration to sustain it.

A license, which, in its nature, amounts to a grant of an interest in land must be in writing. 11 Mass. Rep. 533. But a parol license executed cannot be revoked. 8 East, 308. 4 Pickering, 368 ; 7 Bingham, 682.

And a parol license to be exercised upon land and granted upon a good consideration is valid, and cannot be revoked. 7 Taunton, 374.

But a license without consideration may be revoked. 1 Cowen, 243, and it is clear that the license given by Amos Putney, in December, 1828, expired with his life. 6 N. H. Rep. 11 ; 2 Mason, 244.

It is clear, then, that the evidence offered by the defendants was rightly rejected, and there must be

*Judgment on the verdict.*