#### IN THE

## SUPERIOR COURT OF JUDICATURE.

#### FOR THE

### COUNTY OF COOS, JULY TERM,

#### A. D. 1834.

---

## J. ALDRICH *versus* H. PARSONS and H. W. LATHAM.

A shop, erected by one man on the land of another, with the license of the owner of the land, is a mere personal chattel, which cannot be taken by an extent, or be demanded in a writ of entry, but which may be transferred by a bill of sale.

THIS was a writ of entry, brought to recover a shop on a lot of land in Colebrook ; and was tried, upon the general issue, at November term, 1833, and a verdict taken for the tenants, subject to the opinion of this court upon the following case.

George Aldrich was once seized of the lot on which the shop demanded, stood, and while he was so seized, W. Forham, with his leave and license, built the shop upon the lot.

The demandant, having sued out a writ against Forham and wife, caused the shop to be attached on the 29th May, 1828, and having afterwards obtained an execution, he on the 8th December, 1828, and within thirty days after judgment caused his execution to be extended upon the shop, as the real estate of Forham.

Forham, on the 2d May, 1827, sold the shop to the tenant, Parsons, and gave him a bill of sale, as follows.

I, W. Forham, have this day sold H. Parsons the shop I built, &c. and have received payment in full by note, this May 2d, 1827.

W. FORHAM.

*Young*, for the defendant.

*J. Smith*, for the tenant.

RICHARDSON, C. J. delivered the opinion of the court.

It is not to be doubted, that one man may have a free-hold in a house, shop, barn, room, or chamber, on the land of another, for which a writ of entry might be maintained. 2 N. H. Rep. 11 ; 6 Greenleaf, 162.

But in this case Forham had no freehold in the shop. It was a mere personal chattel, standing upon the land of another, and to remain there only during the pleasure of the owner of the land. 4 Mass. Rep. 514 ; 5 Pickering, 487 ; 6 N. H. Rep. 11.

Forham, then, never had any estate in the house that could pass by an extent, 17 Mass. Rep. 439 ; or be demanded in a writ of entry.

Besides, whatever interest Forham had, passed to Parsons by the sale, and Forham had no interest in the shop, when the demandant caused it to be attached.

We are therefore of opinion that there must be

*Judgment on the verdict.*