## OLMSTEAD *vs.* NILES.

A SALE of timber growing upon land, with an agreement that the purchaser shall have a certain time in which to take it off, is a sale of an interest in land, and by the statute of 1791, regulating conveyances, it was necessary that the transfer of such interest should be in writing, but that statute did not require that it should be by deed.

Where the owner of land sold the pine timber thereon growing, with an agreement that the purchaser should have twenty-five years to take it off, and a creditor of the owner afterwards levied on the land, subject to the right of the purchaser to take the timber, and then conveyed the land without any reservation—*Held* that the grantee of such creditor could not object to the want of notice, or of a record, of the instrument by which the timber was conveyed.

TRESPASS for taking and carrying away the plaintiff's white pine timber.

The cause was tried upon the general issue, in the common pleas, and a verdict taken for the plaintiff, subject to the opinion of this court upon the following case.

Austin Ladd, being owner of lot number 13, in the first

range of seventy acre lots, in Haverhill, executed to the plaintiff a writing in these words—

"HAVERHILL, September 23, 1826.

'For value received, I the subscriber, do this day bargain 'and sell to Joseph Olmstead, all the pine timber on my lot 'No. 13, in the first range of seventy acre lots. I further 'agree to give said Olmstead twenty-five years to get the 'said timber off of the said lot, from this date.

AUSTIN LADD."

This instrument was put on record in the register's office, January 27, 1832.

Jonathan Watson, having an execution against said Austin Ladd, on the 18th of June, 1829, caused the same to be extended upon said lot, subject to the right of the plaintiff to take off all the pine timber on the same.

On the 16th of November, 1831, said Watson, by deed, conveyed the lot to the defendant, without any reservation of the right of the plaintiff to take the timber, and thereupon the defendant took from the lot the pine timber mentioned in the declaration.

It was contended on the part of the defendant, that no interest in the timber passed to the plaintiff under the contract above stated, but the court ruled, that, as the law stood when the contract was made, an interest did pass.

It was also objected, that as the writing was not recorded until the 27th of January, 1832, and the defendant had no notice, it could not be valid against him: but the court, being of opinion that as the plaintiff claimed under Ladd, and the defendant under Watson, who had no title to the timber, it was immaterial whether the defendant had notice or not, overruled the objection.

*Bell*, for the plaintiff. The sale is a present sale, and was executed. A separate clause gives a license to the purchaser

to get the timber off at any time within twenty-five years. The subject matter of the transfer is an interest in land, and it must be in writing, but nothing more was required. *N. H. Laws,* (Ed. 1815,) 190, 191 ; 6 *East's Rep.* 602, *Crosby* vs. *Wadsworth ;* 3 *Day's Rep.* 484, *Bostwick* vs. *Leach ;* 1 *Lord Raym.* 182 ; 2 *Stark. Ev.* 598 ; 5 *Green. Rep.* 381, *Gardiner Man. Co.* vs. *Heald ;* 2 *Bos. & Pul.* 452, *Waddington* vs. *Bristow ;* 2 *Bro. & Bing.* 99, *Teal* vs. *Auty ;* 5 *Barn. & Cres.* 829, *Evans* vs. *Roberts ;* 9 *B. & C.* 561, *Smith* vs. *Surman.*

A man may sell his ledge, quarry, and the like, by something short of a deed.

This writing may operate as the transfer of a use, and would be executed.

A lease for seven years is good without recording, and one for a greater period is good against the grantor, and his heirs, without record.

The plaintiff purchased September 23, 1826 ; Watson levied June 18, 1829. But Watson took no right to the timber. The plaintiff's right was expressly reserved. And the defendant can have no more than Watson's right. 9 *Cowen* 39, *Austin* vs. *Sawyer.* He must have had knowledge of the reservation, if he had examined Watson's title. This was equivalent to notice.

But the defendant was not entitled to notice. Notice is only material to protect against a purchaser from the same grantor, and the defendant does not stand in that situation. Ladd never conveyed the timber twice.

The defendant has his remedy on Watson, and thus justice is done to all parties.

*Bartlett,* and *J. Smith,* for the defendant, contended that the writing conveyed nothing, but was a contract on which the party might have his remedy against Ladd. But if it was to be regarded as a conveyance, it passed an interest in the land for the whole term of twenty-five years, and was

not valid against the defendant, because not recorded when the defendant took his conveyance. They cited, *N. H. Laws,* (*Ed.* 1815,) 191, 195; 6 *Green. Rep.* 81, *Pease* vs. *Gibson;* 4 *Mass. R.* 266, *Clapp* vs. *Draper;* 2 *Johns. Ch. Rep.* 190, *Dey* vs. *Dunham;* 19 *Vezey* 435, *Wyatt* vs. *Barwell;* 8 *Johns. R.* 137, *Jackson* vs. *Given.*

PARKER, J. The first question in this case is, whether any thing passed to the plaintiff, by the contract of Austin Ladd; for if that contract was wholly void, or passed no interest, the plaintiff cannot maintain this action.

It is not disputed that Ladd was, on the 23d of September, 1826, the sole owner of lot numbered 13; and on that day he bargained and sold to the plaintiff all the pine timber upon that lot, and agreed that the plaintiff might have twenty-five years in which to get it off. This contract was reduced to writing, and signed by Ladd, but was not under seal.

The statute of February 10, 1791, which was in force at the date of this writing, provided that all leases, estates, interest of freeholds, or term of years, or any uncertain interest of, in, or out of any messuages, lands, &c., made and created by livery of seizin only, or by parole, and not in writing signed by the parties so making or creating the same, &c., should have the force and effect of leases or estates at will only; and that no leases, estates, or interest, either of freehold, or term of years, or any uncertain interest of, in, or out of any messuages, lands, &c., should be assigned, granted, or surrendered, unless by deed or note in writing, signed by the party so assigning, granting or surrendering, &c., or by act and operation of law.

The same statute enacted, that all deeds or other conveyances of any lands, tenements, or hereditaments, lying in this state, signed and sealed by the party granting the same, having good and lawful authority thereunto, and signed by two or more witnesses, and acknowledged and recorded,

should be valid to pass the same, without any other act or ceremony in law whatever ; and that no deed of bargain and sale, &c., or any lease for more than seven years, should be good and effectual against any other person but the grantor or grantors, and their heirs only, unless the deed was acknowledged and recorded in the manner there prescribed.

The instrument executed by Ladd is in its terms a present sale of all the timber upon lot 13, and gives the plaintiff twenty-five years in which to get the timber off. It purports, therefore, to be a transfer of an interest in the land, as the plaintiff was to have the timber remain and grow upon the land, if he pleased, and take it off at such period within the twenty-five years as he should see fit. *Putney* vs. *Day*, 6 *N. H. Rep.* 430 ; 6 *East* 602, *Crosby* vs. *Wadsworth* ; 2 *Stark. Ev.* 598 ; 11 *Mass.* 533, *Cook* vs. *Stearns* ; 2 *Mau. & Sel.* 208, *Warwick* vs. *Bruce.*

But there is nothing in the provisions of the statute above cited which required a deed in order to transfer such interest. It was not necessary at common law, nor by the statute of frauds. 3 *N. H. Rep.* 260, *French* vs. *French* ; 4 *Cruise's Dig.* 172 ; *Roberts on Frauds*, 269, 270 ; 2 *Inst.* 675 ; *Dyer* 229 ; 2 *Black. Com.* 338. And the provisions of the statute of 1791, first cited, directly imply that for the conveyance of such an interest as the one now in question, a note in writing, signed by the party granting it, is sufficient, and that a deed is not necessary. *Rob. on Frauds,* 246.

Whether the statute of 1829, which repealed the act of 1791, has made any alteration in this respect, is a question which does not arise in this case.

As between Ladd and the plaintiff, then, the instrument was sufficient to pass the timber to the plaintiff, in the manner there specified, nor is there any evidence that Ladd ever attempted to avoid it.

But it is farther objected, that the plaintiff cannot hold the timber against the defendant, because he had no notice

of the sale, and the writing was not recorded until after the defendant took a conveyance of the land.

Had Ladd, after the sale to the plaintiff, conveyed the land to the defendant without any reservation, and without any notice or record ; or had Watson levied on the fee, as if unincumbered, without such notice, there would have been ground for this exception. 5 *Green.* 381, *The Gardiner Man. Co.* vs. *Heald ;* 5 *Binn.* 131, *Lessee of Billington* vs. *Welsh.*

But the defendant does not so derive his title. Watson, who levied upon the land as the property of Ladd, seems to have had express notice of this sale to the plaintiff, and made his extent, subject to the right of the plaintiff to take the timber. Of course nothing now claimed by the plaintiff passed to Watson, and he could not have objected that the writing executed by Ladd to the plaintiff was not recorded. The plaintiff could have held the timber as against him, if taken within the time.

Watson, then, never having had a right to the timber, could convey no right to the defendant ; and although his deed purports to convey the absolute title to the land, had the defendant examined Watson's title, he would have seen that Watson never had such a right. This is not, therefore, like a case where a man takes a deed of one who once had a title, which he has conveyed or incumbered, but of which conveyance or incumbrance no notice appears for want of a record, and who, therefore, by the negligence of his grantee, is enabled still to hold himself out as the owner, and thus deceive third persons ; but it is like a case where one who never had any evidence or pretence of title, conveys land to another, in which case it is not competent for the grantee to hold the land merely because the true owner had not put his deed upon record.

There was no need of a record of the plaintiff's right for the protection of the defendant. If the defendant had examined the title of his grantor he could not have been de-

ceived. The absolute title which he sets up was not derived from Ladd, who had good right to convey. The defendant does not show any title to the timber from him. So far as the plaintiff's claim extends, no conveyance, by levy or otherwise, ever purported to pass any thing from Ladd to the defendant, and the defendant, therefore, cannot be considered a subsequent purchaser. As respects the matter now in controversy, he is a stranger to the title under which the plaintiff claims, and is not entitled to except to the want of a record. 6 *N. H. Rep.* 250, *Montgomery* vs. *Dorion ;* 11 *Pick. R.* 193, *Tyler* vs. *Hammond.*

*Judgment for the plaintiff.*