## Hobart & a. *vs.* Sanborn.

A writ of entry may be sustained on a mortgage before condition broken, and without previous notice of suit.

Where a mortgagee brings an action after condition broken, it is generally for the purpose of foreclosure. But if the condition be broken in part only, so that, upon the entry of the conditional judgment, and a payment of the amount, the mortgage would still subsist, the fact that the condition has been broken in part does not operate to limit or extinguish the right of the mortgagee to obtain and hold possession by unconditional judgment, in the same manner he might do if no part of the debt were due, unless it appear that suit was brought by him expressly to foreclose.

On motion of the mortgager in such case, the court will require a copy of the deed to be put on file, or some entry upon the record, showing the nature of the plaintiff's title, in order to facilitate any measures the mortgager may subsequently take to effect a redemption.

WRIT OF ENTRY, to recover a tract of land in Campton, in which the plaintiff counted on his seizin in fee and in mortgage. The writ was sued out at the November term of the common pleas, 1841. The defendant pleaded *nul disseizin.*

The plaintiff offered in evidence a mortgage deed from the defendant of the demanded premises, dated December 12th, 1838. The condition of the mortgage was as follows, viz :

"Provided, nevertheless, that if the said Sanborn, his heirs, executors and administrators, shall well and truly pay to the said Charles L. & W. C. Hobart, their heirs, executors and administrators, ten notes, amounting in all to one thousand dollars, on or before the 12th day of December, A. D. 1848, said notes bearing even date herewith, then this instrument shall be void, otherwise to remain in full force."

The plaintiff produced certain notes against the defendant, which he contended were those designed to be described in the mortgage deed. They were seven in number, each for one hundred dollars, dated December 12th, 1838, and drawn payable to the plaintiff, or his order, in four, five, six, seven, eight, nine, and ten years from date, with interest annually.

On the first named of these notes was indorsed, December 12th, 1838, fifty dollars.

Verdict was taken for the plaintiff on the foregoing case, subject to the opinion of this court.

*Quincy,* for the defendant, contended, 1. By the deed produced, no breach of the condition is shown. 2. There was no demand of possession prior to the suit. 3. The notes produced do not conform to the condition of the deed, and are inadmissible in evidence. Under these circumstances the plaintiff ought not to recover.

*W. C. Thompson,* for the plaintiff.

UPHAM, J. Exception is taken to the recovery of the plaintiff of the demanded premises, on the ground that there has been no breach of the condition in the deed. But such breach is not essential to entitle the plaintiff to recover, unless it appear expressly, or by necessary implication, that the mortgager should remain in possession. 2 *N. H. Rep.* 453, *Hartshorn* vs. *Hubbard.*

A mortgagee in fee may enter immediately after the execution of the mortgage, put out the mortgager, and receive the profits, if there be no agreement to the contrary ; and if the mortgager refuse to quit, the mortgagee may have trespass, or a writ of entry, to recover against him as a disseizor. 3 *Mass.* 138, *Newhall* vs. *Wright;* 1 *Pow. on Mort.* 171 ; 3 *Ditto* 1152.

The mortgager in possession has never been held to be entitled to notice to quit, from the purchaser of the right in equity of redemption under the mortgage. There is no privity, nor any thing like the relation of landlord and tenant, between them. 4 *Cowen* 278, *Jackson* vs. *Colden.*

The description of the mortgage notes in the deed is general, giving the number of them, and the time only in which the whole were payable, without specification of the times of payment of the several notes, or that they were payable

with interest annually.   The notes are described as ten notes, amounting in all to one thousand dollars, payable on or before the 12th of December, 1848, which is the longest term of payment of either note.   The notes produced were duly executed by the defendant to the demandant, bear the same date with the deed, and are sufficiently identified as *prima facie* evidence of the notes secured by the mortgage, to entitle the demandant to conditional judgment for the debt, if the suit was instituted for the purpose of foreclosure.

The interest on all the notes had become payable at the time of suit, but the principal on the larger portion of them was not due.   On this ground, the plaintiff would be entitled to recover a conditional judgment and execution for the amount of interest due, if his action was brought for foreclosure.

But the plaintiff denies that he brought his action to foreclose the mortgage, and that he is bound to take a conditional judgment.   His suit is by writ of entry, and he claims a right of possession under the mortgage, the same as if no portion of the money had become due ; and contends that he is not restricted in his rights in this respect, because a part of the debt is due.

There seems to be no sufficient answer to this.

Where a mortgager brings an action after condition broken, it is generally for the purpose of foreclosure.   But if the condition be broken in part only, so that upon the entry of the conditional judgment, and a payment of the amount, the mortgage would still subsist, the fact that the condition has been broken in part does not operate to limit or extinguish the right of the mortgager to obtain and hold possession in the same manner he might do if no part of the debt were due.   And as there is nothing in the deed, or the circumstances of this case, to restrain his right to have possession, a general judgment must be entered for the land, as is practiced in Massachusetts, and the mortgager must subsequently, on payment of the mortgage debt, file his bill for

Hobart *v.* Sanborn.

reconveyance.    13 *Mass. 515, Green* vs. *Kemp ;* 12 *Ditto*
519, *Pomeroy* vs. *Winship ; Stearns on Real Actions* 269.

It has been contended, that the tenant in mortgage may
be prejudiced in his future proceedings by an unconditional
judgment against him on the record.    But the evidence of
title under which the plaintiff claims will be put on file, or
the court will require, on motion of the mortgager, some en-
try to be made, showing the nature of the demandant's title,
in order to facilitate any measures the mortgagee may sub-
sequently take to effect a redemption.

*Judgment for the plaintiff.*