## SHEAFE, EX'R, v. GERRY.

The possession of the mortgagor, until it is shown to be adverse, preserves the seizin of the mortgagee, so that his right of entry is not barred by twenty years of such possession.

A mortgage deed need not, as the law was in 1820, have described the note secured by it, in every particular, provided there was no discrepancy.

WRIT OF ENTRY, to recover a tract of land in New-Chester, in which the plaintiff counts upon a mortgage made by one Jacob Haines to James Sheafe, his testator, May 25, 1820. The writ was dated April 26, 1844. Plea, the general issue, with a brief statement, that the defendant would rely upon the statute of limitations.

The plaintiff gave in evidence the mortgage deed described in the declaration, containing a condition that, "if the said Jacob Haines pays his note of this date, May 25, 1820, for three hundred and sixty dollars, and interest," then the deed to be void, &c. The mortgage was duly acknowledged, and was recorded November 4, 1820.

The plaintiff also gave in evidence a note of the same date, signed by Haines, for the sum of three hundred and sixty dollars, in four equal payments, with interest annually.

The defendant excepted that the note was not sufficiently described in the mortgage. Upon the note were several indorsements, and the plaintiff introduced evidence tending to show that J. S. Pickering, as his agent and attorney, received the money mentioned in the two last indorsements from Haines, and made the indorsements upon the note. One of these indorsements was dated February 20, 1833, and the other February 24, 1837. On the part of the defendant it appeared that Haines conveyed the premises by deed with warranty to Gardner

Evans, April 21, 1833, and that the same came through several mesne conveyances to him, August 29, 1840.

A verdict was taken, by consent, for the plaintiff, subject to the opinion of this court upon the foregoing case.

*Quincy*, for the defendant, insisted upon the inaccuracy in the description of the note contained in the mortgage deed.

*Perley*, for the plaintiff. There was in 1820 no statute which prescribed what should be contained in the condition of a mortgage. The general rule is that no description is necessary. The description is good, so far as it goes. 10 N. H. Rep. 429; 12 Pick. 557; 7 Cow. 13.

All that is required by the act of 1829 is here complied with.

GILCHRIST, J. The statute of June 16, 1791, (Laws of N. H. 164) provides that no person or body corporate, &c., "shall sue for, have or maintain any action for any lands, tenements or hereditaments upon his or their own seizin or possession therein, above thirty years next before the test of the same writ."

But the act of December 30, 1799, passed in amendment, excepts from its operation actions upon notes secured by mortgage, and upon mortgages where no note is given. Laws of N. H. 168.

A further act, in amendment of that of 1791, was passed June 19, 1805, by which actions for the possession of lands were required, after the first day of January, 1808, to be commenced within twenty years from the day on which the demandant should have been last seized.

The act of June 30, 1825, entitled An act for the limitation of actions, and preventing vexatious suits, contains (sec. 4), the substance of that part of the act of December

30, 1799, which has been cited, and provides that "the aforesaid act shall not bar any action" upon notes and mortgages, such as are described in that of December 30, 1799.

This is an action brought by the executor of a mortgagee, upon a mortgage in which a note was given, and therefore is not within the letter of exception. It is an action for the recovery of the possession of land, and so falls within the purview of the letter of the act of June 19, 1805.

If, therefore, the plaintiff, or those under whom he claims, have not been seized within twenty years next before the commencement of the action, the statute bar applies.

In equity, the mortgagor is considered to be the owner of the land, and the doctrine of equity has been fully adopted and recognized by the court in this State.

But in contemplation of law, and with a view to the protection of the rights of the mortgagee by action, he is deemed to be the owner, and the mortgagor as being in possession under him. Pow. on Mort., chap. 7; *Pettingill* v. *Evans*, 5 N. H. Rep. 54; *Smith* v. *Moore*, 11 do. 55; *Ellison* v. *Daniels*, 11 do. 274.

In the absence, therefore, of proof that the possession of the mortgagor has become hostile to that of the mortgagee, the seizin of the latter is preserved by the permissive occupation of the former; and no length of time can constitute an effectual bar to his entry, or to the maintenance of any action that presupposes one.

Until the conveyance of the premises by the mortgagor to Evans, on the 21st day of April, 1833, the case furnishes no evidence of an adverse occupancy; or, in other words, of the disseizin of the plaintiff.

A payment made on the 20th day of February, 1833, repels the presumption of the extinction of the mortgage by payment, that is said to arise after the lapse of twenty

years, without any such recognition by the mortgagor of the relation created by the mortgage.

The case, therefore, is not one to which the statute of limitations can apply, and it was so held in *Howard* v. *Hildreth, ante* 105.

The conditional part of the mortgage deed describes the note as of the date of May 25, 1820, for three hundred and sixty dollars, and interest. The note exhibited corresponded in all particulars with that description, except that it indicated the times when the money should be paid, and contained an agreement to pay the interest annually.

There is no discrepancy between the note and the description that proves the latter to be false in any respect. The note was of the date and for the sum named in the description, and bore interest accordingly. The description, however, omits some particulars.

This is not an objection generally to a description, unless in circumstances that raise a doubt as to which of several things coming within its terms is intended by it. Here that state of things does not exist.

There is nothing in the nature and objects of a mortgage that requires that the security taken for the debt should be accurately described, as in pleading. All that seems to be necessary is, to identify the debt; and that was not required to be done in the body of the deed itself, by the law as it stood when this mortgage was made.

Such was the doctrine of *Robertson* v. *Stark*, 15 N. H. Rep. 112, in which the description was more imperfect than in the present case.

The exceptions must, therefore, be overruled, and there must be

*Judgment on the verdict.*