## CHELLIS v. STEARNS & a.

A mortgagor cannot maintain trespass against a mortgagee, for entering and carrying away a fixture, except where he is entitled to retain the possession till condition broken, by the terms, or fair construction of the mortgage.

TRESPASS, for breaking and entering the plaintiff's building, &c., and breaking, cutting, &c., from said building, and carrying away and converting to his own use, articles affixed thereto, to wit, one trip-hammer, one press-punch, &c.

The general issue was pleaded, with a brief statement, that the building, &c., in which, &c., was and is the soil and freehold of Stearns, &c.

The plaintiff introduced evidence tending to prove the trespasses alleged; and the defendants then produced in evidence a deed of mortgage, made to them by the plaintiff, dated April 24, 1849, conveying the premises in question, to secure the payment of two notes for $202.56 each, not yet payable.

The Court ruled, that a mortgagee has a right of entry on the mortgaged premises, as against the mortgagor, and the latter

cannot maintain against him any action of trespass for breaking and entering the mortgaged premises, and a verdict was found for the defendants.

The plaintiff moved, that this verdict be set aside, and a new trial granted, on account of said ruling.

*Cushing,* (with whom was *Williamson,*) for the plaintiff.

I. A mortgagor is a tenant, and his possessory right cannot be disturbed even by his landlord, except for some specific purposes. The landlord of a tenant at will, may enter to determine the tenancy, but he cannot enter for the purpose of wanton trespassing. *Keech* v. *Hall,* Doug. 21 ; *Moss* v. *Gallimore,* Doug. 283 ; *Partridge* v. *Bere,* 5 Barn. & Ald. 604.

II. The whole current of New Hampshire authorities goes to show, that the mortgagee is not to be treated as the owner, except for specific purposes. *Southerin* v. *Mendum,* 5 N. H. Rep. 420 ; *Ellison* v. *Daniels,* 11 N. H. Rep. 274 ; *Glass* v. *Ellison,* 9 N. H. Rep. 69 ; *Parish* v. *Gilmanton,* 11 N. H. Rep. 298.

*Gates & Fuller,* (with whom was *Westgate,*) for the defendants. We neither admit nor deny the first position of the plaintiff's counsel ; for the rights of landlords and tenants are not concerned in this case. Neither does it appear, that the entry of Stearns was either wanton or malicious.

It is settled in this State, by an unbroken, consistent chain of decisions, that, as between mortgagor and mortgagee, the legal estate is in the latter, that he is entitled to immediate possession, that he may enter at his pleasure, put out the mortgagor, and hold the possession until the condition is performed. *Brown* v. *Cram,* 1 N. H. Rep. 172 ; *Pettengill* v. *Evans,* 5 N. H. Rep. 57 ; *Southerin* v. *Mendum,* 5 Ib. 429 ; *Sanders* v. *Read,* 12 N. H. Rep. 558 ; *Hobart* v. *Sanborn,* 13 N. H. Rep. 227 ; 1 Greenl. Cruise, 102, title Mortgage.

To maintain trespass *quare clausum,* the plaintiff must have the rightful possession, as against all but strangers to the title ; and Chellis not having the rightful possession, as against Stearns,

cannot maintain this action. 1 Chitty Pl. 176, 177 ; U. S. Dig. 550 ; *Wendell* v. *Blanchard*, 2 N. H. Rep. 456 ; *Hyatt* v. *Wood*, 4 Johns. Rep. 150. The cases of *Howe* v. *Lewis*, 14 Pick. 330 ; *Mayo* v. *Fletcher*, Ib. 525, are almost directly in point to show, that this action cannot be maintained. In trespass *quare clausum*, if the entry be justified, it will answer the whole declaration. *Kingsbury* v. *Pond*, 3 N. H. Rep. 511.

The entry of Stearns, in the absence of all proof to the contrary, must be presumed to have been made according to his title and legal right.

It would tend to great confusion of principles and endless litigation, to allow a mortgagor to maintain trespass *quare clausum* against the mortgagee, for an entry on the mortgaged premises, in any case, except where he has stipulated for the possession until condition broken.

BELL, J. It is well settled, that as between third persons and either the mortgagor or the mortgagee, or those who represent them, the mortgage is considered merely as a security. The mortgagor and his representatives, (so long as they retain the possession,) are regarded as the owners, and the mortgagee, out of possession, is taken to have a mere lien upon the property for the security of his debt. *Southerin* v. *Mendum*, 5 N. H. Rep. 429 ; *Glass* v. *Ellison*, 9 N. H. Rep. 69 ; *Smith* v. *Moore*, 11 N. H. Rep. 61 ; *Ellison* v. *Daniels*, 11 N. H. Rep. 274. But as between the mortgagor and mortgagee, the mortgage vests the seizin of the estate in the mortgagee *at law*, though in equitable proceedings, it is, between them, regarded merely as a security. *Brown* v. *Cram*, 1 N. H. Rep. 169 ; *Pettengill* v. *Evans*, 5 N. H. Rep. 54. Unless there be some agreement, by which the rights of the mortgagee are limited, or such circumstances, as would fairly warrant a jury in inferring such an agreement, the mortgagee may, at once or at his pleasure, enter into the mortgaged premises. *Brown* v. *Cram*, 1 N. H. Rep. 169 ; *McMurphy* v. *Minot*, 4 N. H. Rep. 255 ; *Hobart* v. *Sanborn*, 13 N. H. Rep. 328. Or, he may maintain a real action for the recovery of the possession. *Hartshorn* v. *Hubbard*, 2 N. H. Rep. 453 ;

Chellis *v.* Stearns.

*Dearborn* v. *Dearborn*, 9 N. H. Rep. 117; *Ellison* v. *Daniels*, 11 N. H. Rep. 274; *Smith* v. *Moore*, 11 N. H. Rep. 61; *Hobart* v. *Sanborn*, 13 N. H. Rep. 226. Or, he may support an action of trespass against the mortgagor, for taking down a building, or other waste of the property. *Pettengill* v. *Evans*, 5 N. H. Rep. 54; and for cutting down and carrying away timber trees, unless the assent of the mortgagee to such act may be reasonably inferred. *Smith* v. *Moore*, 11 N. H. Rep. 55; *Sanders* v. *Reed*, 12 N. H. Rep. 558.

It is on the presumed assent of the mortgagee that the mortgagor shall occupy the premises and take the crops and profits, including fuel, so long as the mortgagee acquiesces, without any entry or prohibition, that it is held no action of trespass can be maintained for such occupation. *Curtis* v. *McClary*, 5 N. H. Rep. 529; *Smith* v. *Moore*, 11 N. H. Rep. 61. The mortgagee, having a right of entry, may justify the breaking and entering charged in the plaintiff's writ. If he can justify those acts, that is, by well settled principles, an answer to the whole action. *Kingsbury* v. *Pond*, 3 N. H. Rep. 511; *Ferrin* v. *Symonds*, 11 N. H. Rep. 365.

No beneficial results are likely to follow from holding, that a man may justify his entry upon mortgaged premises or not, according to the motives or purposes which led to it. The matter of defence suggested in the brief statement might equally well have been pleaded. If pleaded and denied, the evidence produced in this case, (the mortgage deed,) unless impeached, would furnish conclusive proof of the truth of the plea. It shows that the premises, on which the trespass is alleged to have been committed, are in law the soil and freehold of the supposed trespasser. It would be a novelty to reply, that the mortgagee was seized by virtue of a deed of mortgage made to him by the plaintiff, &c., and that he entered "*not for the protection of his interests*," but for the purpose of taking and carrying away, &c. The fact, that no such form of pleading has yet found its way into our books is very conclusive.

In equity, the rights of the parties interested in mortgaged property, can be suitably and adequately guarded and secured,

without doing violence to the principles or practice of equitable proceedings ; and it does not seem either necessary or expedient to unsettle all the rules by which Courts of law have been heretofore governed, to introduce a question of so much difficulty as that of the motives of a party's conduct, into an action of this kind. *Lackey* v. *Holbrook*, 11 Met. 458.

*Judgment on the verdict.*