*480 The opinion of the Court was delivered at this term by
Parker, C. J.
The question presented by the demurrer and joinder in this case is, whether the facts set forth in the plea in bar amount to a justification of the trespass complained of in the declaration.
The possession of the locus in quo is admitted to be in the plaintiff ; and no title to it is claimed by the defendant in his plea. But he claims a right to enter upon it, for the purpose of repairing the dam and bank, and clearing the canal from obstructions; because those, whose estate the plaintiff now holds, permitted him to enter and make the bank, and dig the canal; from which permission he would infer a right to enter and use the soil as often as the state of the mill owned by him should require it. He has not described the mill as ancient, nor set up any prescriptive right to an easement in the close of the plaintiff; but alleges that he had the consent, legally obtained, to erect his works, of the former owner of the close; and because of that consent, the works being out of repair, he entered to make the necessary repairs.
It is evident, therefore, that the defendant claims a permanent interest in the plaintiff’s close, a right to maintain the bank, dam, and canal, which he formerly placed there by consent, and to enter upon the plaintiff’s close at any time to make necessary repairs. Now, this is an interest in land, which cannot, by our statute of 1783, c. 37, pass without deed or writing; for all interests in land, according to that statute, whether certain or uncertain, are declared to be estates at will, unless the evidence of them exists in deed or writing; and if a continuation of the interest is intended for seven years, it must not only be passed by deed, but the [*537] *deed must be acknowledged and registered, in the same manner as is required in the transfer of a fee.
The defendant not having alleged that he acquired the right, which he claims, by deed or writing, his plea is for that cause bad. After a verdict, perhaps, this defect would be cured, because it would be presumed that the evidence, which the law requires to establish such an interest as is claimed, had been exhibited; but on demurrer, where a right in land is set up as a satisfaction for a trespass, the manner in which that right was acquired should be averred, that the Court may immediately determine whether it was a lawful conveyance of the right or not.
But the counsel for the defendant, aware that they could not set up any estate of a permanent nature in the plaintiff’s close, without averring and proving a deed or some other lawful conveyance, have considered the facts alleged in his plea as amounting to a license, given him by the former owner of the land, to ^ake the dam, bank *481 and canal; and they have contended, first, that such license may be by paroi; and, secondly, that it is not in its nature countermand-able ; from which they would infer that a right continues in him to maintain the dam, &c., and to enter upon the plaintiff’s close to repair them toties quoties, &c.
This argument had some plausibility in it, when it was first stated; but upon more mature consideration, it seems to have no foundation in principles of law.
A license is technically an authority given to do some one act, or a series of acts, on the land of another, without passing any estate in the land; such as a license to hunt in another’s land, or to cut down a certain number of trees. These are held to be revocable when executory, unless a definite term is fixed, but irrevocable when executed. See Viner’s Abridgment, title License, A, E, D, G, and the authorities therein cited, which have been examined and found to support the positions laid down by the compiler. It is also holden, that such licenses to do a particular act, but passing no estate, may be pleaded without deed. But licenses, which in their nature amount to the granting of an estate *for [ * 538 ] ever so short a time, are not good without deed, .and are considered as leases, and must always be pleaded as such.
The distinction is obvious. Licenses to do a particular act do not in any degree trench upon the policy of the law which requires that bargains respecting the title or interest in real estate shall be by deed or in writing. They amount to nothing more than an excuse for the act, which would otherwise be a trespass. But a per manent right to hold another’s land for a particular purpose, and to enter upon it at all times without his consent, is an important interest, which ought not to pass without writing, and is the very object provided for by our statute. If the defendant had a license, from the former owners of the plaintiff’s close, to make the bank, dam, and canal, in their land, this extended only to the act done, so as to save him from their action of trespass for that particular act; but it did not carry with it an authority, at any future time, to enter upon the land. As to so much of the license as was not executed, it was countermandable; and transferring the land to another, or even leasing it, without any reservation, would of itself be a countermand of the license. For although, when one is permitted to do certain things upon the land of another, an implied authority is given to enter upon the land to do the thing, and to repair it, if it is of a permanent nature, yet the first permission or license must be by grant, in order to draw after it this consequence.
We are also all satisfied, that the plea is in this respect bad ; it not showing such a license as may be pleaded, and, indeed, the in *482 terest claimed being not in the nature of a license, but of an estate, or at least an easement in the land, which cannot be acquired without writing or prescription, or such a possession or use as furnishes' presumption of a grant; neither of which is averred in this plea.
If the defendant’s plea were held to be a bar to the action, all the mischiefs and uncertainties, which the legislature intended to avoid by requiring such bargains to be put [*539] in * writing, would be revived; and purchasers of estates would be without the means of knowing whether encumbrances existed or not on the land which they purchase.
It has' been argued that, by the act providing for the support and regulation of mills, a right to acquire property in the land of another, for the purpose of erecting or carrying on a mill, is contemplated to exist by paroi. But that statute did not provide a mode of acquiring title to the mill or the land; but merely superadded the right of flowing land, upon compensation, according to the statute, by those who had legally obtained the right to build a mill.
The defendant’s plea is adjudged bad. (a)

 Hewlins vs. Shippam, 5 B. & C. 221. — Peter vs. Kendall, 6 B. & C. 703.— Tentiman vs. Smith, 4 East, 107. — Harrison vs. Parker, 6 East, 154. — 2 Vent. 128. — Taylor vs. Waters, 7 Taunt. 374.— Whitney vs. Holmes, 15 Mass. Rep. 152.— Pond vs. Pond, 14 Mass. Rep. 403.