## ERSKINE vs. PLUMMER.

*A sale of timber by parol, to be cut and carried away by the vendee, seems not to be within the statute of frauds*

THIS was an action of *assumpsit*, brought by *George Erskine*, for the proceeds of certain timber sold by the defendant. The material facts, developed on the trial, which was had before the chief justice, were the following:—

*Levi B. Erskine*, being the owner of a lot of land in *Alna*, on which the timber in question grew, mortgaged the same, *Dec.* 11, 1819, to *W. & G. Tuckerman*, to secure the payment of $444,03, with interest. On the 8th of *April*, 1822, his right in equity of redemption was duly sold on execution, and purchased by the plaintiff, to whom a deed was accordingly made. On the 15th of *October* 1822, the *Tuckermans* assigned their mortgage to the defendant, who entered to foreclose on the 19th of *November* following. A short time before the expiration of the three years, the plaintiff sent his son *Levi* to the defendant to ascertain what amount he claimed to be due on the mortgage; to whom the defendant replied that he claimed $564,25, and would take nothing less. A few days afterwards, *Levi* paid this sum for his father.

Early in *January* 1822, *Levi* the mortgagor sold the timber on this lot, or a part of it, by parol, to the plaintiff, (he agreeing to cut it,) for the estimated value of $150; which sum the plaintiff paid *Levi* about the time of the sale, and before much of the timber was cut. The defendant was employed to haul the timber to the mill, which he did, partly in the winter of 1822, and partly in the following year; but withheld it from the plaintiff; and afterwards sold and converted it to his own use. The *Tuckermans* thereupon commenced an action against the defendant, his brother, and *Levi*, to recover the value of the timber so cut and hauled; pending which the parties entered into an agreement that certain arbitrators should appraise the value of the land, and of the timber and wood cut as above mentioned; that the defendant should pay these two sums to

the *Tuckermans*, who should thereupon give him an assignment or conveyance of their title to the land. Under this agreement the land was estimated at $252, and the timber and wood at $200 ; which sums were paid by the defendant, and the mortgage was assigned to him according to the contract.

Upon these facts the defendant contended that the plaintiff was not entitled to recover ; because, 1st. The sale of the timber from *Levi B. Erskine* to the plaintiff, being by parol, was void by the statute of frauds. 2dly. The timber was partly cut and hauled before the plaintiff purchased the right in equity of redemption. 3dly. Whatever was received by the defendant out of the timber and wood, and by him paid over to the *Tuckermans*, extinguished, at the moment of payment, so much of *Erskine's* debt ; and for this sum, therefore, the defendant was not accountable to the mortgagor, nor to the plaintiff ; and if the plaintiff paid more than was due to redeem the land, it was a voluntary payment, and could not be recovered back.

The chief justice, however, overruled these positions, instructing the jury in favor of the plaintiff's right to recover. And a verdict being returned for the plaintiff, the foreman, in answer to an inquiry from the bench, stated that in the estimate of damages they had not included the two hundred dollars, being the appraised value of the timber, but left it in the defendant's hands. The verdict was taken, subject to the opinion of the court upon the plaintiff's right to recover.

*Allen* and *Greenleaf*, for the defendant, maintained the positions taken at the trial ; and to the first objection cited *Crosby v. Wadsworth*, 6 *East*, 602 ; *Teal v. Auty*, 2 *Brod. & Bing.* 99 ; *Cook v. Stearns*, 11 *Mass.* 533 ; 2 *Stark. Ev.* 598, and cases there collected. The plaintiff, they said, had no title to the trees till he purchased the equity of redemption ; which was not till after most of them were cut. And even then he had no title against the *Tuckermans*, whom the defendant had paid for the trees. Whatever the mortgagees thus received, extinguished, *eo instante*, so much of the debt due to them. For this sum, therefore, the defendant is not accountable to the plaintiff. And if the plaintiff paid more mon-

ey than was due on the mortgage, it was a voluntary payment, which cannot be recovered back. If too much was demanded, he might have brought his bill to redeem.

As to the answer of the foreman, being neither the point in issue, nor a special verdict, it was extra-official and ought to be disregarded.

*Sprague* and *Child,* for the plaintiff, to the point that the sale of the trees was not within the statute of frauds, cited *Gardiner Manufacturing Comp. v. Heald,* 5 *Greenl.* 331 ; *Parker v. Staniland,* 11 *East* 362 ; *Warwick v. Bruce,* 2 *Maule & Selw.* 205 ; 1 *Phil. Ev.* 365, 366 ; *Whipple v. Frost,* 2 *Johns.* 418 ; *Newcomb v. Ramer,* 2 *Johns.* 421, note ; *Bostwick v. Leach,* 3 *Day,* 476 ; *Anon.* 1 *Ld. Raym.* 182 ; 4 *Stark.* 599 ; *Sugd. Vend.* 58, 59, 60 ; *Fitz. Abr. Trespass,* 149 ; *Bro. Abr. Trespass,* 273 ; *Freer v. Hardenburg,* 5 *Johns.* 271 ; *Cook v. Stearns,* 11 *Mass.* 533 ; *Viner's Abr. tit. License, A. E. D. G.; Hob.* 173 ; 1 *Atk.* 175 ; 1 *Danc's Abr.* 650 ; *Benedict v. Bebee,* 11 *Johns.* 145 ; *Hare v. Celey, Cro. El.* 143 ; *Bradish v. Schenck,* 8 *Johns.* 151 ; *Jackson v. Brownell,* 1 *Johns.* 267. That at any rate, it was an executed contract, and so valid. *Davenport v. Mason,* 15 *Mass.* 92 ; *Winter v. Bockwell,* 8 *East,* 310 ; *Ricker v. Kelley,* 1 *Greenl.* 117 ; *Parkhurst v. Van Cortlant,* 14 *Johns.* 15 ; *Tucker v. Bass,* 5 *Mass.* 164 ; 2 *Stra.* 783 ; 2 *Vern.* 455 ; 3 *Ves. jr.* 378 ; *Wilkinson v. Scott,* 17 *Mass.* 249 ; *Pomeroy v. Winship,* 12 *Mass.* 514.

And that the mortgagor might well recover in this action upon the general counts, as for rents and profits received, over and above the sum due ; or for money paid to avoid a forfeiture ; or extorsively taken ; *Turell v. Merrill,* 17 *Mass.* 117 ; *Taylor v. Townsend,* 6 *Mass.* 270 ; *Joy v. Oxford,* 3 *Greenl.* 131 ; *Taylor v. Weld,* 5 *Mass.* 109.

The opinion of the Court was read at the ensuing *September* term, as drawn up by

WESTON J. The title of the plaintiff to the timber, for the proceeds of which this action is brought, is contested by the defen-

dant. The timber, with the land upon which it stood, originally belonged to *Levi B. Erskine*, who, at the time he made the sale relied upon by the plaintiff, had a right to dispose of it against all persons except the *Tuckermans*, to whom the land had been mortgaged. Was the sale of the timber, being by parol, good between the contracting parties, so as to pass the property in the timber to the plaintiff? Upon this question there has been some vacillation in the authorities. In an anonymous case, reported in 1 *Ld. Raymond*, 182, the court held that the sale of growing timber by parol was not void by the statute of frauds, it being regarded as a chattel, and not as an interest in land. But a sale of growing grass, in *Crosby v. Wadsworth*, 6 *East* 602, was held to be within the statute. . In *Parker v. Staniland*, 11 *East* 362, a sale of potatoes by parol in the ground, then grown, was sustained; but a sale of growing turnips was held by the court, in *Emerson v. Heelis*, 2 *Taunt.* 38, to be within the statute. In *Warwick v. Bruce*, 2 *Maule & Selw.* 205, a sale of potatoes then growing was decided not to be an interest in land, requiring a written contract. *Teal v. Auty*, 2 *Brod. & Bing.* 99, was *assumpsit* for the price of certain poles, which had been sold while standing and growing, to the defendant. The original contract was held to embrace an interest in land, which could not be enforced without evidence in writing; but the contract being executed, and the poles actually cut and carried away by the defendant, the court decided he was liable for their value, if that could be proved. In New York the sale of a growing crop by parol has been held good, and the authority of *Crosby v. Wadsworth* questioned. *Newcomb v. Ramer*, 2 *Johns.* 421, in note. *Freer v. Hardenburgh*, 5 *Johns.* 271. In Connecticut the sale of gravel, stones, timber trees, which by the contract are to be separated and carried away, and the boards and bricks of a house, to be pulled down and taken off, is deemed not within the statute.

Standing timber is annexed to the freehold, passes with it, and often constitutes a great part of its value. A parol sale of the timber, to remain on the land during the pleasure of, the buyer, or for an indefinite period, might affect injuriously subsequent purchasers of the land; but if to be cut and carried away within a reasonable

time, or as soon as it can conveniently be done, is not liable to the same objection. Trespass would not lie by the original owner, for entering and cutting under such a contract; for it would at least amount to a license, which need not be in writing. *Cook v. Stearns,* 11 *Mass.* 533. The trees when cut may clearly be sold by parol, like any other chattel. But a license is in its nature revocable; and a sale of the land, without reservation, before the timber is cut, would doubtless be held to be a revocation or determination of the license. And this would sufficiently protect the interest of the purchaser of the land. Upon this ground, the sale of timber to be cut and carried away when cut, would pass the property. And the purchaser would be thereby licensed to enter for this purpose, so long as the license remained unrevoked. If these principles are tenable, the sale in question was good, although made by parol. But upon this point we give no decided opinion, being fully satisfied that the sale was good between the parties as a contract executed. The plaintiff entered under the contract, and by permission of the owner, cut the timber, carried it away, and paid the full consideration demanded. The actual receipt of the price constituted a sale of the timber, after it was severed, if it was not consummated before. After it was severed, there could be no pretence that it constituted an interest in land, and a sale thus made is entirely relieved from any objection arising under the statute of frauds.

But this sale was made, subject to the paramount rights of the *Tuckermans,* in whose place the defendant claims to stand, by substitution. Had the proceeds of this timber been applied to the payment of their demand, either before the assignment or afterwards, it would have extinguished the demand *pro tanto;* but the defendant, having claimed and received the whole without deduction, cannot be permitted to say that it was so applied. It would be false as well as unjust. The defendant was employed by the plaintiff to haul the timber for him, and he sold it and converted the proceeds to his own use. Upon these facts, he is answerable to the plaintiff for the sum received, unless he applied it in part payment of the mortgage; but this he has not done; and if he ever

intended to do it, he waived his right to make such application when he received the whole amount, without allowing it.

*Judgment on the verdict.*