Reese, J.
delivered the opinion of the court.
Upon the pleadings and proofs in this case, the circuit court charged the jury — 1. That a verbal agreement to concede the privilege of permanently overflowing the land of the plaintiff, by a mill dam to be constructed below his line, would not be valid, but would be within the statute of frauds: and 2. That the written agreement between the plaintiff and Hayter, securing to the latter, the privilege in question, *161 Would riot authorize the plaintiff to maintain this action against Miller,
Note. In the English St. of Frauds, the words are lands, tenements or he-reditaments, or any interest in or concernig them. The words in italics are omitted in our statute. It is said, in Evans vs. Roberts, 12 Eng. Com. L. R. 377, that the words — lands, tenements or hereditments, are used in the statute to denote a fee simple, and the other words, to denote a chattel interest. The cases upon these latter words will be found collected in the text and notes, 2 Starkie’s Ev. 6 Am., from the 2d Eng. Ed. 347, 348. Chitty’s English Statutes, 370, note (m.)
*161 The first proposition has been but slightly contested in argument, and it is well sustained by authority. The grant of such privilege confers a permanent interest in the soil itself, for the use of the mill to be constructed, and must, thereforé, be in writing.
But, with-regard-to the second proposition of the court below, it has been urged, that the court erred, because Hayter, with whom the written agreement was made, was to have been the partner of the defendant in the construction of the mill, and that, therefore, the latter could, in a court of chancery, compel Hayter to transfer to him a moiety of the legal title in the privilege. If the verbal agreement had béen valid, it may well be questioned whether the plaintiff, who, in the execution of it, violated its terms so far as to give a written concession of the privilege, not to the defendant and Hayter jointly, but to Hayter alone, should be permitted, in a court of law, to recover from the defendant, the consideration, upon the ground, that the latter could, therefore, protect himself against the wrong done him, by litigating the matter with his partner, and perhaps with the plaintiff, in a court of chancery.
But into that, it is not necessary to enquire, — for we have said that the verbal agreement was not valid. The only agreement, therefore, to which we can look, is the written one between the plaintiff and Hayter, to which the defendant appears^ to be an entire stranger. The concession of privilege, under the seal of the plaintiff, is made to Hayter alone; the promise to pay to the plaintiff the consideration is made under the sig^-nature and seal of Hayter alone. The written contract, on both sides, under the seals of plaintiff and of Hayter, excludes the defendant from benefit and liability, and he may well say to them both in this action, that the matter Was res, inter alios acta.
Let the judgment be affirmed;
2. Easements, being incorporeal rights, can only be created by deed, at common law — 2 Bl. Comm. 317; 4 Kent’s Comm. 190, 3 Id 452, 453 — and, being besides hereditaments, come within the words of the St. of Frauds. Fentiman vs. Smith, 4 East, 107; Thompson vs. Gregory, 4 Johnson, 41; Cook vs. Stearns, 11 Mass. R. 533; Bridges vs. Purcell, 1 Devereaux and Battle, 492, in which case, Judge Gaston, in a very satisfactory manner, collects and examines the leading cases, on the doctrine involved in the first pl. of this case.
For the nature of a mere water right, see Angell’s Treatise on the Law of Water Courses, C. 2 § 4. For the mode of conveying such right, same chapter, § 5. For the right of backwater andflowage, as depending upon grant, C. 4, § 3; and Gibbons on Dilapidations and Nuisances, c 10, § 12. And see ante Neal and Shelton vs. Henry, p. 17. In the note to this case, ante p. 22, it is stated that it is an authority that merely overflowing the plaintiff’s land is an actionable injury. On which point, see Gibbons on Dilapidations and Nuisances, c 10, § 9, 10, 11 and authorities referred to. The case of Williams vs. Morland, 9 Barnwell and Creswell, 910; — 9 Eng. Com. Law, R. 269, decides, that causing the water to flow against the plaintiff’s banks more impetuously than it would naturally have done, so as to injure them, is actionable. But the plaintiff must, in such case, alledge and prove actual injury. It will not do simply to show that by the defendant’s act the water flows more impetuously than it would naturally have done. So, in Wright vs. Howard, 1 Sim. and Stew. 190,-1 Eng. Cond. Ch. R. 95, the Vice Chancellor, Sir John Leach, is reported to have said — “It appears to me that no action will lie for diverting or throwing back water, except by a person, who sustains an actual injury.” See the book last cited, page 102. Merely throwing the water back, he thought not actionable. It must cause the plaintiff an injury, as by impairing the value of his land. It is difficult,however, to suppose a case where flooding one’s land would not be injurious.
[Reporter.