## MARSTON *v.* GALE.

A parol license to be exercised upon the land of another is irrevocable, so far as it has been exercised without objection.

But such license is revocable at the pleasure of the party giving it, so far as it remains unexecuted, and will not justify any acts done under it after its revocation.

Where M. gave B. verbal permission to pass over his land in going to and from his own house, and B. exercised the right for eight or ten years without objection, after which M. made a verbal revocation of the license, and told B. " if he passed that way again he should prosecute him," it was *held*, that the license would not justify his subsequent acts in passing over the land of M.

TRESPASS, *quare clausum fregit.* Plea, the general issue. The action was brought to the court of common pleas by an appeal from the judgment of a justice of the peace.

It appeared that the plaintiff owned the *locus in quo*, which was situated in Hebron, in this county ; that lying back of the said plaintiff's land there was a tract belonging to the defendant, to which there was no public highway ; that the defendant built a house upon the same, and thereupon the plaintiff gave him a verbal license to pass across his land in going to and from his said house, provided the defendant would not petition for a road to be laid out, so as to compel the plaintiff to fence the same, and would also keep the gates on the passway closed ; the plaintiff to be at the expense of putting up the gates.

It appeared further that the defendant did not petition for a road, and did keep the gates closed ; that he used the passway for eight or ten years without objection, and that there was no other way by which he could pass and repass to and from his

said land and house without trespassing upon others. It appeared, also, that the defendant had expended some labor in smoothing the passway, and had worked out his highway taxes thereon.

The plaintiff introduced evidence tending to show that a few days before the suit was instituted, he made a verbal revocation of the license, and told the defendant if he passed that way again he should prosecute him. And the court instructed the jury that if they found that the license had been revoked, and that after the revocation the defendant had passed across the plaintiff's land, he would be liable, otherwise not. The jury returned a verdict for the plaintiff, which the defendant moved to set aside, and for a new trial, for supposed error in the ruling of the court below.

*N. B. Bryant,* for the plaintiff.

*Nesmith* and *Pike,* for the defendant.

WOODS, J. The permission given the defendant to pass over the lands of the plaintiff was nothing more than a parol license to be exercised thereon. As such it gave no permanent right to pass there. The right given did not extend beyond the pleasure of him that gave it. Such a license, before it is executed, is revocable; but it will afford the party full protection for the acts done under it before revocation. It will furnish a justification for an act which would otherwise be a trespass. But when such a license is countermanded, it will protect the party in the exercise of it no farther. In this sense such a license is irrevocable, so far as it is executed or acted upon, but beyond that is revocable at the pleasure of the party giving it. *Ruggles* v. *Lesure,* 24 Pick. 187; *Cook* v. *Stearns,* 11 Mass. Rep. 533; *Carlton* v. *Redington,* 1 Foster's Rep. 291, and cases there cited. In the present case, so far as the right to pass was exercised before the plaintiff revoked the license, no question is made. The only question is, whether the defendant was justified in the exercise

of that right after the plaintiff forbade it. And we think it quite clear that he was not. So far, the license was unexecuted at the time of the revocation. The subsequent acts of the defendant were not done under the protection and shield of the license, for that no longer existed, and was, as to those acts, as if it had never been given. To hold otherwise would be giving to a parol license the force of a conveyance of a permanent easement in real estate. Such a doctrine cannot be sustained. No such right or interest in real estate can be created by parol. *Stevens* v. *Stevens*, 11 Met. Rep. 251 ; *Cook* v. *Stearns*, and *Carlton* v. *Redington*, before cited.

And we think it can make no difference that the parol license was given upon an agreement of the defendant that he " would not petition for a road to be laid out, and would keep the gates on the passway closed." That fact could not change the character of the parol license, or alter its legal effect. It was nevertheless revocable in its character, and furnished no justification or excuse for acts done subsequently to its revocation. *Ruggles* v. *Lesure*, before cited. Upon this view the ruling of the court below is fully sustained, and there must be

*Judgment on the verdict.*