## HENRY S. GILES *vs.* SYLVANUS SIMONDS.

The owner of land, who has made a verbal contract for the sale of standing wcod to be cut and severed from the freehold by the purchaser may at any time revoke the license which he thereby gives to the purchaser to enter on his land to cut and carry away the wood, so far as it relates to any wood not cut at the time of the revocation.

ACTION OF TORT for breaking and entering the plaintiff's close and cutting trees standing thereon. The defendant justified under a verbal contract of sale of the trees by the plaintiff to the defendant's father for a fixed price, (which had been paid,) and a verbal sale by his father, after cutting and removing some trees, of his rights under the contract to the defendant with the plaintiff's consent. At the trial in the superior court in Franklin, before *Rockwell*, J., the plaintiff, among other things, requested that the jury might be instructed that an ora license to go upon the licensee's land and cut trees is revocable, except so far as it may have been acted upon ; and upon a revocation, even in case a consideration has been paid for the license, the license will no longer be a justification. But the judge refused so to instruct the jury, and instructed them otherwise. The jury returned a verdict for the defendant, and the plaintiff alleged exceptions, which were argued at September term 1859 at Northampton.

*C. Allen & S. T. Field*, for the plaintiff.

*A. Brainard*, for the defendant.

BIGELOW, J. If the plaintiff had a right to revoke the license to enter upon his land, under which the defendant seeks to justify the acts of trespass alleged in the declaration, it is entirely clear that the verdict rendered in favor of the defendant cannot stand. The decision of the case turns therefore on the question whether an owner of land, who has entered into a verbal contract for the sale of standing wood or timber to be cut and severed from the freehold by the vendee, can at his pleasure revoke the license which he thereby gives to the purchaser to enter on his land and cut and carry away the wood

or timber included in the contract. That such a contract is not invalid as passing an interest in the land is too well settled to admit of doubt. It is only an executory contract of sale, to be construed as conveying an interest in the trees when they shall be severed from the freehold and shall become converted into personal property. Nor does the permission to enter on the land, which such a contract expressly or by implication confers on the vendee, operate to create or vest in him any estate or interest in the premises. It is only a license or authority to do certain acts on the land, which, but for such license or authority, would be acts of trespass. If it were otherwise, if under such a contract a right were conferred on the vendee to enter on the land and then to exercise a right or privilege at his own pleasure, free from the control of the owner of the land, during the continuance of the contract, it would clearly confer on the vendee a right or interest in the premises, which would contravene the statute of frauds. Rev. Sts. *c.* 74, § 1. There can be no doubt that a valid license to enter on land may be given by parol. But this rule rests on the distinction that a license is only an authority to do an act or series of acts on the land of another, and passes no estate or interest therein.

The nature and extent of the right or authority conferred by a license, and how far it is within the power of the licensor to modify or revoke it, have given rise to much discussion and many nice and subtle distinctions in the books, as well as conflicting decisions in the courts of common law. Certain prin ciples, however, seem now to be well settled. If the owner of land sells chattels or other personal property situated on his land, the vendee thereby obtains an implied license to enter on the premises, and take possession of and remove the property. In such case the license is coupled with and supported by a valid interest or title in the property sold, and cannot be revoked. *Wood* v. *Manley*, 11 Ad. & El. 34. *Heath* v. *Randall*, 4 Cush. 195. So too, if the owner of chattels or other personal property, by virtue of a contract with or the permission of the owner of land, places his property on the land, the license to

enter upon it for the purpose of taking and removing the property is irrevocable. *Patrick* v. *Colerick*, 3 M. & W. 483. *Russell* v. *Richards*, 1 Fairf. 429, and 2 Fairf. 371. *Smith* v. *Benson*, 1 Hill (N. Y.) 176. The right of property in the chattels draws after it the right of possession ; the license to enter on land to obtain possession of them is subsidiary to this right of property, which cannot be enjoyed if the license be withdrawn or terminated. This right in the chattels is not derived from the license, but exists in the owner by virtue of a distinct and separate title, the validity of which in no way depends on any right or interest in the land. But with the assent of the owner of the land the property has been placed in a situation where it cannot be used or enjoyed except by a license to enter upon his land. The continuance of this license is therefore essential to the enjoyment of the right. It would be a manifest breach of good faith to permit such a license to be revoked. No man should be permitted to keep the property of others by inducing them to place it upon his land, and then denying them the right to enter to regain its possession. A party is therefore not permitted to withdraw his consent, by setting up his title to the land, after it has been acted on by others, and when their rights will be impaired or lost by its withdrawal. In like manner and for similar reasons, a license to enter on land for the purpose of removing trees or timber therefrom, which have been felled in pursuance of a contract of sale, cannot be recalled. So far as it has been executed, the license is irrevocable. By virtue of the contract, and with the express or implied consent of the owner of the soil, the vendee has been induced to expend his money and services. The trees, so far as they have been severed from the freehold, have become converted into personal property, and vested in the vendee. A revocation of the license would, to the extent to which it had been executed, operate as a fraud on the vendee, and deprive him of property to which he had become legally entitled. Besides, the owner of land cannot, by a subsequent revocation of his license, render that unlawful which, with all its incidents and necessary consequences, was lawful at the time it was done, by virtue of his own authority and consent.

The true distinction between an executory verbal license to enter on land under a contract for the sale of timber or trees growing thereon, and a similar license executed, seems to be this: The former confers no vested interest or property, no money or labor is expended on the faith of it, and no right or title is impaired or lost by its revocation. If the party to whom it is granted is injured by its withdrawal, his remedy is by an action against the licenser for a breach of the contract. It cannot be held to extend further, so as to confer a right to use the land of another without his consent, because it would thus confer, *ex proprio vigore,* an interest in land, which cannot be created except by a writing. But such a license executed, to the extent to which it has been acted on, has operated to induce the vendee to expend money and services on the property, and thereby to convert it into personal chattels which have become vested in him. The revocation of the license in such case would deprive the vendee of his property. It has therefore been held that such a license, while it is executory, may be countermanded, but that when executed it becomes irrevocable. *Cook* v. *Stearns,* 11 Mass. 533. *Cheever* v. *Pearson,* 16 Pick. 273. *Ruggles* v. *Lesure,* 24 Pick. 190. *Claflin* v. *Carpenter,* 4 Met. 580. *Nettleton* v. *Sikes,* 8 Met. 34.

Applying these principles to the case before us, it is clear that the defendant could not justify the acts of trespass charged in the declaration. Before his entry on the land for the purpose of cutting trees, the plaintiff revoked the license which he had given by the verbal contract of sale under which the defendant claimed to act. So far as the license was executory it was revocable, and the entry of the defendant after its revocation was unlawful.

The view which we have taken of the case seems to render a decision of the other questions raised by the exceptions un-**necessary.**                    *Exceptions sustained.*