## THE BALTIMORE AND HANOVER RAILROAD COMPANY vs. JACOB ALGIRE.

*Railway Company—Right of Way—Interest in Land—Tres- pass quare clausum fregit—License—Injunction.*

A railway company which has entered upon land under a license from the owner, and constructed its road, cannot plead such license as a defence to an action of trespass *quare clausum fregit*, for running its trains over said land, brought by the owner thereof.

A right of way is such an interest in land as cannot be acquired by a mere license. It can only be acquired in this State in the mode provided by the statute, that is, by deed duly executed and recorded.

Where a railway company has the right under its charter to acquire a right of way over certain land by condemnation, and proceedings for such purpose are dispensed with by reason of the consent of the owner of the land to the construction of the road, and he subsequently, after the road has been built at large expense, revokes his consent, a Court of equity will restrain him from interfering with the railway company in the use and enjoyment of the right of way pending proceedings to have the same condemned.

APPEAL from the Circuit Court for Carroll County.

This was an action of tresspass *quare clausum fregit* brought by the appellee against the appellant, in the Circuit Court for Baltimore County, and thence removed at the instance of the defendant to the Circuit Court for Carroll County, where it was tried. The insertion of the numerous prayers offered on both sides, is deemed unnecessary. The jury rendered a verdict in favor of the plaintiff for $250, and judgment was entered accordingly. The defendant appealed.

The cause was argued before ALVEY, C. J., YELLOTT, MILLER, ROBINSON, IRVING, and BRYAN, J.

*Covington D. Barnitz,* and *Charles B. Roberts, Attorney-General,* for the appellant.

*Geo. L. Stockdale,* and *James A. C. Bond,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

This is an action of trespass *quare clausum fregit* against the appellant for running its trains over the land of the appellee, and the main question is whether a license under which the company entered on the land, and upon the faith of which it expended large sums of money in the construction of its road, can be set up as a defence in a *Court of law* to the action? And this depends upon whether a right of way can be acquired in this State by a license upon the faith of which the way has been constructed?

Sec. 1, Art. 24, of the Code, provides that no interest in or concerning land for a term exceeding seven years, shall be transferred, otherwise than by deed duly executed and recorded. Under this statute it was decided so long ago as *Hays vs. Richardson,* 1 *G. & J.,* 366, that a *right of way* was *an interest in land,* which could not be created, except in the mode and manner prescribed by the statute. In that case the plaintiff constructed the road, and built a bridge under a license in writing from the owner of the land, and it was held that no action would lie against a subsequent owner for obstructing the road.

But while admitting this to be so in regard to an ordinary way, it was argued that in a case like the one now before us, where a railway company has made large expenditures in the construction of a permanent way under a license of the owner, the latter ought not to be permitted to revoke it, and that such a defence is available at law as well as in equity. Were this a question to be

Baltimore and Hanover R. R. Co. *vs.* Algire.

decided purely on equitable principles, there might be some force in this contention. But this is an action at law, and the rights and liabilities of the parties must be determined by the well settled rules of law. For the protection and security of titles, the Legislature has said that certain formalities must be observed in the transfer of interests in real estate. The law in this respect was well known to the appellant, and besides its charter pointed out in precise terms, how and in what manner a right of way might be acquired. Disregarding, however, all this, the appellant has seen fit to construct its road under a bare license of the owner of the land. But a right of way being an interest in land, such an interest could not, as we have said, be created by a license, the effect of which was merely to make the acts of the licensee lawful, which otherwise would have been unlawful. And now when the owner revokes the license thus granted, a right incident to the ownership of the land, we are asked to say the appellant has acquired an interest in land under the license, unaffected by the act of revocation,—and this, too, in the face of the statute which declares that an interest in land cannot be transferred otherwise than by a deed executed and recorded. To hold that a right of way is an interest in land which cannot be created, except by deed ; and yet that a licensee may continue to use and enjoy it against the revocation of the license itself, is to give to a license, the effect and operation of a grant by deed.

Cases may be found, it is true, in which the defence now relied on has been held to be a good defence, even in *actions at law.* Some of these cases proceed on the ground that where one has induced another, either by express consent or acquiescence, to incur expense in the erection of permanent works, he will not be permitted to deprive the licensee of the benefits of such expenditure, by reason of want of a complete legal title. In other words, such con-

duct on the part of the licensor, operates as an *estoppel in pais*. Other cases proceed on the principle exercised by Courts of equity in the specific performance of parol contracts in regard to the sale of land, and give to a license thus executed the force and effect of a contract. *LeFevre vs. LeFevre*, 4 *S. & R.*, 241; *McKellip vs. McIlhenny*, 4 *Watts*, 317; *Rerick vs. Kern*, 14 *S. & R.*, 267. In *McKellip vs. McIlhenny*, KENNEDY, J., said, "Wherever a party has induced another upon the faith of his promise, though verbal, to expend his money or labor, for which he can only be remunerated by the enjoyment of the thing so promised, equity will compel the promisor to give such deed or writing as shall be requisite to secure the promisee in the perfect enjoyment of what was promised. But here, where we have no Court of equity to compel such a thing to be done, it will be considered in our Courts of law as actually done, and the grantee protected in the enjoyment of the thing promised accordingly." And in the still later case of *Huff vs. McCauley*, 53 *Penna.*, 206, STRONG, J., after reviewing the decisions in regard to the question, admits that the Courts in that State have gone beyond the common law, and the rulings of Courts of equity elsewhere. It is clear, therefore, that the decisions in these cases were based entirely upon equitable grounds, and in States where parties are allowed to make equitable defences in actions at law. It has been held also in Ohio that an executed license stands on the same footing at law as an executed parol agreement in equity, and to be equally irrevocable whether lands or chattels are in question. *Wilson vs. Chalfant*, 15 *Ohio*, 247.

We may remark, however, in passing, that there is a broad distinction between a license and a contract or agreement for the sale of land. A license is but an authority to do an act or series of acts on the land of the licensor. It needs no consideration to support it, and

transfers no interest in the land, and is, from its nature, revocable at the will of the licensor. A contract, on the other hand, requires a consideration to support it, and confers rights which may be enforced at law.

But, be that as it may, we may safely say, as a general rule, the decisions in this country hold that an *interest* or *easement in land* cannot be acquired *at law* by license, but must be acquired in the mode provided for the transfer of real estate. We shall not extend this opinion by citations from the many cases in which this question has been considered, but refer merely to the cases themselves. *Cook vs. Stearns,* 11 *Mass.,* 533; *Stevens vs. Stevens,* 11 *Metcalfe,* 251; *Foot vs. New Haven and Northampton Co.,* 23 *Conn.,* 214; *Bridges vs. Purcell,* 1 *Dev. & Batt.,* 492; *Mumford vs. Whitney,* 15 *Wend.,* 380; *Woodward vs. Seely,* 11 *Illinois,* 157.

And in England, where this question has been fully considered of late years, the decisions are all one way. In *Hewlins vs. Shippam,* 5 *B. & C.,* 221; where the plaintiff made a drain at a considerable expense through the lands of the defendant, and, with his consent, all the authorities are reviewed in the elaborate opinion of BAYLEY, J.; and it was held that the license granted, being an interest in land, was within the Statute of Frauds, and not being granted in writing as required by the Statute, the plaintiff had a right at will only. This doctrine was again recognized in *Cocker vs. Cowper,* 1 *C. M. R.,* 418; where a tunnel had been laid in the lands of the defendant with the consent of the tenant, and it was held that the plaintiff did not thereby acquire any interest in the land, and could not maintain an action against the defendant for diverting the channel.

We take the law then to be well settled that a permanent interest in land cannot be acquired by a mere license, and a right of way being an interest in land, it is equally well settled that such an interest cannot be acquired *at law.*

in this State, except in the mode provided by the statute, that is by deed executed and recorded. Whether a Court of equity would restrain the application of this rule in a case where one by express consent or acquiescence has induced another person to incur expense in the construction of permanent works, and afterwards attempts to deprive such person of the benefits of his expenditure by reason of the want of a complete legal title, is a question not presented in this appeal, and in regard to which we are not to be understood as expressing any opinion. This much, however, we may say, the appellant had the right under its charter to acquire the right of way in controversy by condemnation, and inasmuch as proceedings for that purpose were dispensed with by reason of the consent of the appellee to the construction of the road through his land, such proceedings may still be instituted by the appellant, and pending these proceedings a Court of equity would restrain the appellee from interfering with the appellant in the use and enjoyment of the right of way.

But it was also argued that the declaration claimed damages only for the alleged unlawful acts of the appellant, *prior to the revocation of the license.* But in this view we do not concur. The appellant could not, of course, be deemed a trespasser so long as the license remained unrevoked. The third count, however, charges " that the defendant on the first day of May, 1878, and on divers other days and times, between that day and the time of bringing this suit, broke and entered, &c." And as the license was revoked before the institution of the suit the plaintiff was entitled to recover damages under this count for the unlawful acts of the defendant, subsequent to such revocation.

Finding no error in the rulings below, the judgment will be affirmed.

*Judgment affirmed.*