Baltimore and Hanover Railroad Co. *vs.* Algire.

(Decided 27th May, 1886.)

---

THE BALTIMORE AND HANOVER RAILROAD COMPANY
*vs.* JACOB ALGIRE.

*Railroad Company—Right of Way—Parol license—Revocation—Deed.*

A railroad company sought by bill in equity to restrain a person over whose land it had constructed its road, from seeking to recover damages for the use of the right of way over said land, on the ground that the owner was equitably estopped by a parol license, although the same had been subsequently revoked. HELD:

That the complainant was not entitled to relief because the irrevocable character of the parol license had not been satisfactorily made out.

Any qualifications or conditions annexed to a license must be performed to render it binding; and a Court of equity will not undertake to uphold a license that is not established by clear and satisfactory proof, and the consideration of which has not been fulfilled.

Under our statute, that an interest in lands shall pass only by deed duly executed and recorded, the policy of this State is not to favor

any substitute as a means of acquiring title; and equity would intervene only to prevent fraud or the infliction of loss resulting from the bad faith of the licensor.

APPEAL from the Circuit Court for Baltimore County, in Equity.

This appeal was taken from a *pro forma* decree dissolving the injunction theretofore granted, and dismissing the bill of complaint. The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., ROBINSON, RITCHIE, and BRYAN, J.

*C. D. Barnitz*, and *Charles B. Roberts, Attorney-General*, for the appellant.

\* *George L. Stocksdale, James A. C. Bond*, and *John 1. Yellott*, for the appellee.

RITCHIE, J., delivered the opinion of the Court.

The former case between these parties, reported in 63 *Md.*, 319, was an action of trespass by the present appellee against the appellant for running its trains across his lands after revoking a parol license giving the right of way. In that case this Court decided that a parol license was no defence in an action *at law* after revocation, a deed duly executed and recorded being necessary to convey such an easement. But in its opinion this Court further remarked: "Whether a Court of equity would restrain the application of this rule in a case where one, by express consent or acquiescence, has induced another person to incur expense in the construction of permanent works, and afterwards attempts to deprive such person of the bene-

------

\* Did not participate in the argument, though present.

fits of his expenditure by reason of the want of a complete legal title, is a question not presented in this appeal, and in regard to which we are not to be understood as expressing any opinion." The present case is a suit in equity by the appellant, claiming that the appellee is equitably estopped by the parol license alleged to have been given, notwithstanding its revocation, from seeking to recover damages for the use of the said right of way, over which, at considerable expense, it has erected its railroad, in pursuance of such license. That equity will grant relief to the extent of requiring a licensor to reimburse the licensee the amount of his expenditures, before regaining possession of his land is intimated in the case of *Addison vs. Hack*, 2 *Gill*, 221, the same Judge delivering the opinion as in *Hays vs. Richardson*, 1 *G. & J.*, 366, where it was decided that a right of way could be conveyed in this State only by deed duly executed and recorded; and distinctly announced in *Carter and Lewis vs. Harlan, et al.*, 6 *Md.*, 20. But we do not feel called upon now to discuss this proposition, because we do not think that under the proof in this cause the irrevocable character of the appellee's parol license has been satisfactorily made out. It is clearly shown that the line along which appellee first gave leave for the road to be constructed, was not the one actually adopted, and there is strong, if not preponderating, testimony to show that the company induced the appellee to forego his objections to the new route by promising him exceptional privileges and advantages in the way of providing facilities for pic-nic grounds on his land, hauling lime, &c., which were not carried out. It is true the appellant denies these promises; but, at least, it is not clearly established that an unconditional license, such as set up, was given. Any qualifications or conditions annexed to a license must be performed to render it binding; and a Court of equity will not undertake to uphold a license that is not established by clear and satisfactory proof, and the consideration of which has not been

fulfilled.   Under our statute, that an interest in lands shall pass only by deed duly executed and recorded, the policy of this State is not to favor any substitute as a means of acquiring title, and equity would intervene only to prevent fraud or the infliction of loss resulting from the bad faith of the licensor.   It cannot be said that the appellant was inveigled or induced to run its railroad over appellee's land in preference to going elsewhere.   It was the only direction practicable for it to take; and it was not until it had been laid out and graded up to the appellee's farm that he was approached by the officers of the company and solicited for permission to pass through.   Without his consent to do so, a resort to condemnation proceedings was the alternative, upon which, if had, he would have been awarded damages for the value of the land to be taken.   His license obtained, the road was run through his entire farm, marked by heavy cuts, from which in wet weather destructive washing to his fields occur; and for this loss of land and injury no compensation was to be derived by him, unless from the special privileges and advantages which he claims to have been the consideration of his license.

Thus far the appellee has not attempted to appropriate or destroy the bed or rails of appellant's road, but he has sued in trespass to recover damages for the occupation and use of his land since the revocation of his license.

We think the decision in the former case secured to the appellant all the protection to which it is fairly entitled, namely, the right to proceed to condemn the land of the appellee necessary for its purpose, as it might have originally done, and to restrain the appellee pending the proceedings, should it prove necessary.   By this course it will save to itself all it has expended in building the road, and secure to the appellee the value of his land in the mode prescribed by the statute.

*Decree affirmed.*

(Decided 27th May, 1886.)